LEMMON, Judge,
concurs and assigns reasons.
I am concerned that this decision may be construed to stand for the proposition that a purchaser does not acquire valid title to community immovable property from a bankruptcy trustee, if only the husband is adjudicated a bankrupt at the time when the spouses are living separate and apart, but are not divorced or judicially separated.
Normally, when the bankruptcy arises out of community debts, the filing of the petition by the husband vests the trustee with title to all of the community property for the benefit of the community’s creditors. 4A Collier, Bankruptcy ¶ 70.17[11] (14th ed. 1976). This v.iew represents an application to community property of the rule that the title of a bankrupt to immovable property is vested by operation of law in the trustee of the bankrupt’s estate as of the date of the filing of the petition initiating the bankruptcy proceeding. 11 U.S.C. § 110.
Milton Leydecker’s petition for bankruptcy was filed on March 29, 1974. On that date the parties were living separate and apart, and while his petition for divorce was then pending, the judgment of divorce was not rendered until February 28, 1975.
When the judgment of divorce was rendered, the dissolution of the community was retroactive to the date of the filing of the petition, but without prejudice to rights validly acquired in the interim between the commencement of the action and the recor-dation of the judgment. C.C. arts. 155,159. If the June, 1974 action by the trustee had been a valid bankruptcy sale to a third *707 party, I would be inclined to find the purchaser’s title unassailable, because the husband then had legal capacity to convey the property, and his petition for bankruptcy was in effect a conveyance to the trustee of all community property for the benefit of the community’s creditors. But I conclude the transaction involved in this litigation was not a sale.
The only document in the bankruptcy proceedings referring to the trustee’s actions in regard to title to the subject property is the “Trustee’s Petition of Disclaimer & Abandonment”. That document petitions the court as follows:
“On the ground that there is no equity in the hereinafter described property for the estate(s) of the above named bankrupt(s), over and above such mortgages and/or other liens as may affect the said property and such exemptions as may apply thereto, or that if there is any such equity, it is not sufficient to justify administration,
“The undersigned trustee, who has become vested (in his said official capacity and under Federal law) with all such right, title and interest, if any, as the said bankrupt(s) had or may have had in and to the said property as of the date of the filing of the petition for adjudication of bankruptcy herein, does by these presents, subject to the approval of this Court (which approval is hereby prayed for), disclaim and abandon all such right, title and interest of the said bankrupt estate(s) in and to the following described property:
“FOR AND IN CONSIDERATION OF THE PRICE AND SUM OF $2,500.00:” (Then follows the property description.)
The trustee’s disclaimer or abandonment of the bankrupt’s property is simply not a sale of the property. The trustee has a duty to liquidate the bankrupt’s estate, but he has no duty to administer property so heavily encumbered as to offer no prospect of significant funds available for distribution, and the trustee may disclaim or abandon certain property when it is not practicable to see that property. The disclaimer or abandonment constitutes a refusal to administer the particular asset and a rejection of the title which otherwise had vested in the trustee by operation of law. When the trustee disclaims or abandons certain property, title revests in the bankrupt as if no assignment had been made and title had never vested in the trustee. 4A Collier, Bankruptcy ¶ 70.42 (14th ed. 1976).
The critical issue, therefore, is whether the trustee’s action was a sale or a disclaimer. Although ordinarily a sale of the bankrupt’s asset produces funds and a disclaimer does not, I view the petition for disclaimer in this case as an attempted disclaimer to the bankrupt for consideration rather than as a sale. The bankrupt’s valuation of the property at $4,000.00 and of his interest at $2,000.00 apparently referred to the equity, since the property was elsewhere in the schedules valued at $18,000.00 (although the mortgage balance was only $9,625.52).[1] I interpret the trustee’s action as an exercise of judgment that a disclaimer for the consideration of $2,500.00 would benefit the creditors more than the sale of the property.
The title therefore reverted to the community, and Mrs. Leydecker has a right of action to demand partition of the community property.

. This stated difference of about $8,500.00, plus the sparsity of other community debts, casts some doubt on the purpose of the bankruptcy. Indeed, when the summary of debts and assets is corrected to show the real estate value as $18,000.00 rather than $2,000.00, the assets almost exceed the debts.